IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:21-CR-00242- |
| § | ALM-AGD |
| MACI GREER (5) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Maci Greer's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on November 9, 2023, to determine whether Defendant violated her supervised release. Defendant was represented by Douglass Schopmeyer of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on April 4, 2023, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Tamper with a Witness, a Class B felony. This offense carried a statutory maximum imprisonment term of 30 years. The original guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. Defendant was subsequently sentenced to 24 months imprisonment, followed by a 2-year term of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; mental health treatment; and a $100 special assessment. On May 10, 2023, Defendant completed her period of imprisonment and began service of the supervision term.

On October 23, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #159, Sealed). The Petition asserts that

Defendant violated seven (7) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Standard Condition</u> After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) <u>Standard Condition</u> Defendant must follow the instructions of the probation officer related to the conditions of supervision; (4) <u>Standard Condition</u> Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer; (5) <u>Standard Conditions</u> Defendant must live at a place approved by the probation officer. If Defendant plans to change where she lives or anything about her living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (6) <u>Standard Condition</u> Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where she works or anything about her work (such as her position or her job responsibilities), she must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, she must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (7) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until

discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing (Dkt. #159 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On July 31, 2023, Defendant reported to the U.S. Probation Office and submitted a positive urine specimen for methamphetamine. She verbally admitted to using methamphetamine, and the specimen was confirmed by Alere Toxicology, Inc. for methamphetamine. On September 6, 2023, Defendant reported to McCary Counseling, Denton, Texas to provide a urine specimen. The urine specimen tested positive for methamphetamine. The positive urine specimen was confirmed by Alere Toxicology, Inc. On September 14, 2023, Defendant reported to the U.S. Probation Office to provide a urine specimen. The urine specimen tested positive for methamphetamine. She verbally admitted to using methamphetamine prior to the submission, and the specimen was also confirmed by Alere Toxicology, Inc.; (2)–(3) Defendant failed to submit a timely and truthful monthly supervision report by the 5th of each month, as previously instructed, for the month of September 2023. Defendant failed to report to the U.S. Probation Office, as instructed to do so, on September 12, 13, 26, and 27, of 2023. Additionally, Defendant failed to report on October 6 and 19, 2023; (4) During an office visit conducted on July 31, 2023, Defendant verbally admitted to traveling outside of the Eastern District of Texas to Quinlan, Texas, which is in the Northern District of Texas, on July 27, 2023, without the U.S Probation Office's approval; (5) On October 10, 2023, Mike Greer (Defendant's father) notified the U.S. Probation Office that Defendant has not lived at the residence on file since July 2023. Defendant failed to notify the U.S. Probation Office about her change of residence. Her whereabouts were unknown at the time the Petition for Warrant or Summons for Offender Under Supervision was filed; (6) On October 10, 2023, the probation office

was informed by Defendant's father, that she was terminated from her place of employment on or about September 13, 2023. The probation office confirmed with Defendant's employer, Running to Wind, that she was terminated on September 14, 2023; and (7) As part of the random drug testing program, Defendant failed to submit a urine specimen at McCary Counseling, Denton, Texas on July 29, 2023, and September 11, 2023. Additionally, as part of the substance abuse treatment program, Defendant failed to attend group counseling on September 5, 2023. As part of the random drug testing program, Defendant failed to submit a urine specimen at Addiction Recovery Center, Lewisville, Texas on September 25, 2023, October 6, 2023, and October 10, 2023. Additionally, as part of the substance abuse treatment program, Defendant failed to attend individual counseling on September 28, 2023, with Fletcher Counseling, Plano, Texas (Dkt. #159 at pp. 1–3).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 1 of the Petition. Having considered the Petition and the plea of true to allegation 1, the court finds that Defendant did violate her conditions of supervised release.

Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eighteen (18) months, with a term of thirty-six (36) months supervised release to follow.

The court also recommends that Defendant be housed in the Bureau of Prisons facility in the Fort Worth, Texas area, if appropriate.

**IT IS SO ORDERED**.

**SIGNED this 1st day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE